# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| CLYDE LEE AUSTIN,<br>Plaintiff, | Case No. 1:15-cv-608 |
| vs. | Barrett, J.<br>Litkovitz, M.J. |
| CITY OF CINCINNATI, et al.,<br>Defendants. | **REPORT AND RECOMMENDATION** |

Plaintiff, a resident of Cincinnati, Ohio, brings this civil rights action under 42 U.S.C. § 1983 against the City of Cincinnati, several Cincinnati police officers and supervisors, the Cincinnati Chief of Police, Hamilton County, Ohio, the "Municipal Prosecutors Office," the Hamilton County Board of County Commissioners, the Hamilton County Justice Center, and the Hamilton County Sheriff. (*See* Doc. 1, Complaint). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the

plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin,* 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke,* 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)); *see also Hill,* 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556). The Court must accept all well-

pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff brings this § 1983 action against the City and County defendants in their official capacities only. (*See* Doc. 1, Complaint at ¶¶6-23, 26). The two incidents give rise to the complaint. The first incident occurred in September 2014. Plaintiff alleges that the "allege[d] victim/prosecuting witness" was under the influence of alcohol and accused plaintiff of beating his fiancé. He alleges that the "allege[d] victim/prosecuting witness" called "the Cincinnati police 911 dispatcher" and stated, "he don't have a weapon but I do and I will cut off his genitals," referring to plaintiff. Plaintiff states the "allege[d] victim/prosecuting witness" forced her way into the apartment that plaintiff shared with his fiancé, placing plaintiff's "life in imminent serious physical harm or death." (Doc. 1, Complaint at ¶ 31). Plaintiff alleges he "struck out as to avoid any injury when allege[d] victim/prosecuting witness fell to the floor." (*Id.*). Plaintiff was later arrested and charged with misdemeanor assault and confined in the Hamilton County Justice Center. He entered a not guilty plea and filed subpoenas to defendant Officer Sneed and his supervisor to testify at the trial. Plaintiff alleges the officers failed to

honor the subpoenas. Nevertheless, plaintiff was acquitted at trial and the case was dismissed.

The second incident occurred in April 2015. Plaintiff alleges he was arrested and charged with a criminal misdemeanor offense after he defended himself at a party. He alleges that the "allege[d] victim/prosecuting witness" approached and threatened him by brandishing a box cutter she pulled from her purse. Plaintiff alleges he feared for his life, grabbed the "allege[d] victim/prosecuting witness," and pushed her away, at which time she fell to the floor. The police were called and plaintiff was placed under arrest. He alleges his arrest was without probable cause; he was detained for three weeks; and he was found not guilty after trial.

Plaintiff alleges federal claims under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and Ohio state law claims of false imprisonment, negligence, negligent supervision, and conspiracy. As relief, plaintiff seeks $25 million in compensatory damages and $50 million in punitive damages.

As previously indicated, plaintiff's complaint specifically names the defendants in their "official" capacities only.[1] As such, the claims against the Cincinnati police officers and supervisors and the Cincinnati Chief of Police are essentially claims against the entity for which they are agents, namely the City of Cincinnati. Likewise, the claims against the "Municipal Prosecutors Office," the Hamilton County Board of County Commissioners, the Hamilton County Justice Center, and the Hamilton County Sheriff are treated as claims against Hamilton County, Ohio. *Will v. Michigan Department of State Police,* 491 U.S. 58 (1989); *Kentucky v. Graham,* 473 U.S. 159 (1985); *Monell v. New York City Dept. of Social Services*, 436 U.S. 658

---

[1] Plaintiff has affirmatively pled that all of the defendants are sued in their official capacities. Therefore, the Court is not required to apply the "course of proceedings" test to determine whether an individual capacity claim has been pled. *See Moore v. Harriman,* 272 F.3d 769, 773 (6th Cir. 2001).

(1978). *See also Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Plaintiff's complaint fails to state a claim for relief under § 1983 against the City of Cincinnati and Hamilton County because municipalities and counties are not vicariously liable for the actions of their employees under § 1983. "It is firmly established that a municipality, or . . . a county, cannot be held liable under § 1983 for an injury inflicted solely by its employees or agents." *Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 441 (6th Cir. 2000) (citing *Monell*, 436 U.S. at 694). To state a claim for relief against the City of Cincinnati or Hamilton County for plaintiff's alleged injuries, the complaint must allege facts showing that the misconduct giving rise to plaintiff's injuries was the result of a policy, statement, regulation, decision or custom promulgated by the City or County. *Bright v. Gallia Cnty., Ohio*, 753 F.3d 639, 660 (6th Cir. 2014), *cert. denied*, 135 S. Ct. 1561 (2015) (citing *Shamaeizadeh v. Cunigan*, 338 F.3d 535, 556 (6th Cir. 2003)); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). *See Monell*, 436 U.S. at 694; *Doe v. Claiborne County*, 103 F.3d 495, 507 (6th Cir. 1996). "The 'official policy' requirement [of *Monell* ] was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati,* 475 U.S. 469, 479 (1986) (emphasis in original). "[P]laintiff must adequately plead (1) that a violation of a federal right took place, (2) that the defendants acted under color of state law, and (3) that a municipality's policy or custom caused that violation to happen." *Bright*, 753 F.3d at 660 (citing *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008)). *See also Polk County v. Dodson*, 454 U.S. 312 (1981) (municipal policy must be "moving force" behind constitutional deprivation).

Plaintiff's complaint fails to allege any facts showing that his allegedly wrongful arrests, wrongful detentions, and malicious prosecutions stemmed from a particular policy, custom, or

5

practice of the City of Cincinnati or Hamilton County that caused a violation of his civil rights. Rather, the complaint alleges that the individual police officers conspired with the Cincinnati police department to arrest him without probable cause and that all of the "defendants" acted willfully, maliciously, and wantonly or recklessly to violate his rights. (Doc. 1, Complaint at ¶ 33). While the complaint does allege the existence of "policies, customs, or practices" for purposes of municipal liability, it merely recites the legal requirements for *Monell* liability without further factual enhancement:

> •Plaintiff alleges that the Cincinnati Chief of Police and the City of Cincinnati "implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices, that included, among other things, of allowing employees of the Cincinnati Police Department to confront, arrest, detain, imprison and deprive plaintiff without any probable cause." (*Id*. at ¶ 40).
>
> •Plaintiff alleges that "Defendant (police supervisor dist. #3) in his capacity as supervisor of Police officers Sneed, Daniels of the Cincinnati Police Department in Hamilton County, Ohio and the Defendant, City of Cincinnati, implicitly or explicitly adopted and implemented a careless and reckless policy custom, or practice of allowing employees of the Cincinnati Police Department to arrest without probable cause or legal justification" and "implicitly or explicitly adopted and implemented a careless and reckless policy, custom, or practice of allowing employees not to honor legally binding subpoenas to appear at court pursuant to law." (*Id*. at ¶ 41).
>
> •Plaintiff alleges that "[t]he failure of the Chief of police (Blackwell) and the City of Cincinnati to adequately train and supervise the Defendants p.o. Daniels, po. Sneed and supervisors of district #3, Wilson, and Elsasser amounts to deliberate indifference to the rights of the Plaintiff (Clyde Lee Austin) to be free from an unreasonable seizure under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States." (*Id*. at ¶ 42).

Plaintiff's conclusory allegations are insufficient to state a claim for relief under § 1983. Plaintiff has failed to "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't,* 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom,* 820 F.2d

170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford,* 245 F.3d 869 (6th Cir. 2001)). *See also Burgess v. Fischer*, 735 F.3d 462, 479 (6th Cir. 2013) ("[E]ven assuming there was an underlying constitutional violation, we affirm the dismissal of the *Monell* claim because Plaintiffs have failed to set forth sufficient facts to establish an unconstitutional custom or policy."). Plaintiff does not allege any facts identifying the "policies, customs, or practices" employed by the officers in allegedly violating his rights. Nor does plaintiff allege any facts showing a custom or practice was the moving force behind his arrest, detention, and prosecution. "[A] custom-of-tolerance claim requires a showing that there was a pattern of inadequately investigating similar claims." *Burgess*, 735 F.3d at 478 (citations omitted). The complaint fails to allege the existence of any other instances of misconduct to plausibly support an inference of such a pattern in this case.

In addition, plaintiff's assertion that the Chief of Police and City of Cincinnati failed to "adequately train and supervise" the individual police officers is the type of legal conclusion couched as a factual allegation that does not pass muster under *Twombly* or *Iqbal*. "A failure-to-train claim . . . requires a showing of prior instances of unconstitutional conduct demonstrating that the [municipality] ha[d] ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury." *Burgess*, 735 F.3d at 478 (internal quotations marks and citations omitted). The complaint fails to cite a single prior instance or statistic in support of this claim. Because there are no factual allegations that would "raise a right to relief above the speculative level," *Twombly,* 550 U.S. at 555, plaintiff's conclusory allegations of an "implicit or explicit" unidentified policy and of a failure to train and supervisor, without more, fail to state a claim for relief under § 1983. Although pro se

7

complaints are held to less stringent standards than complaints prepared by an attorney, a complaint cannot rest on bare assertions of legal conclusions or personal opinions. *Twombly*, 550 U.S. at 555. Plaintiff's assertions are much too conclusory to permit the Court to draw the reasonable inference that the City of Cincinnati and Hamilton County[2] are liable for the specific instances of misconduct alleged in the complaint. *See Twombly*, 550 U.S. at 556.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's complaint naming defendants in their official capacities only be **DISMISSED**.

2. The Court decline to exercise pendent jurisdiction over plaintiff's state law claims and dismiss the state law claims without prejudice to refiling in state court.

3. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

Date: 9/25/15

Karen L. Litkovitz, Magistrate Judge
United States District Court

---

[2] Notably, plaintiff's complaint fails to allege any Hamilton County policy, custom, or practice caused a violation of his rights.

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CLYDE LEE AUSTIN,
    Plaintiff,

vs.

CITY OF CINCINNATI, et al.,
    Defendants.

Case No. 1:15-cv-608

Barrett, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).