**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

CLYDE LEE AUSTIN,

Plaintiff,

v.

CITY OF CINCINNATI, et al.,

Defendants.

CASE NO.: 1:15-CV-608

Barrett, J.
Litkovitz, M.J.

**OPINION AND ORDER**

This matter is before the Court on the Report and Recommendation ("Report") of the Magistrate Judge. (Doc. 4). Plaintiff has filed a *pro se* "Response, Objection and Amended Complaint, Exhibits Attached Hereto." (Doc. 5).

## I. REPORT AND RECOMMENDATION

The Report and Recommendation addresses Plaintiff's claims for violations of the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution brought under 42 U.S.C. § 1983 against the Defendants in their official capacity only, as well as the Ohio state law claims of false imprisonment, negligence, negligent supervision, and conspiracy. After granting Plaintiff leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, the Magistrate Judge reviewed the complaint *sua sponte* in accordance with 28 U.S.C. § 1915(e)(2)(B). Upon review, the Magistrate Judge recommended dismissing all § 1983 claims against Defendants in their official capacity only and declining to exercise pendent jurisdiction over the state law claims.

The Report sets forth several reasons for recommending dismissal. First, Plaintiff's Complaint fails to allege facts showing that his allegedly wrongful arrests, wrongful detentions, and malicious prosecutions stemmed from a particular policy, custom, or practice of the City of

Cincinnati or Hamilton County that caused a violation of his civil rights. Although the Report recognized that the Complaint alleged the existence of "policies, customs, or practices[,]" it concludes that those allegations recite the legal requirements for municipal liability without any further factual enhancement.

Second, the Report concludes that Plaintiff's conclusory allegations fail to identify the policy, connect the policy to the city or the county itself, and show that the particular injury was incurred because of the execution of that policy. It indicates that Plaintiff failed to allege any facts identifying the policies, customs, or practices employed by the officers in allegedly violating his rights and fails to allege any facts showing that any such policy, custom, or practice was the moving force behind his arrest, detention, and prosecution. It further finds that the Complaint failed to allege the existence of any other instances of misconduct to plausibly support an inference as to a custom of tolerance, which requires a showing that there was a pattern of inadequately investigating similar claims.

Third, the Report rejects Plaintiff's allegation that the Chief of Police and City of Cincinnati failed to "adequately train and supervise" the individual police officers because it is the type of legal conclusion couched as a factual allegation that does not pass muster under *Twombly* or *Iqbal*. It notes that the Complaint fails to cite a single prior instance or statistic to plausibly show that the City ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury.

## II. STANDARDS OF REVIEW

### A. Objections

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate

judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). General objections are insufficient to preserve any issues for review: "[a] general objection to the entirety of the Magistrate [Judge]'s report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

**B. Dismissal**

As explained fully in the Report (Doc. 4, PageId 48-49), Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) ("the dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)). As explained fully in the Report (Doc. 4, PageId 49-50), facial plausibility exists when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

## III. ANALYSIS[1]

Plaintiff does not dispute that he sued the various defendants in only their official capacities in his Complaint. His claims are therefore correctly construed as brought against the entities themselves. *William v. Michigan Dep't of State Police*, 491 U.S. (1989); *Kentucky v. Graham*, 473 U.S. 159 (1985); *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658 (1978). More specifically, the claims against the Cincinnati police officers and supervisors and the Cincinnati Chief of Police are construed as claims against the City of Cincinnati itself ("the City"), whereas the claims against the Municipal Prosecutors Office, the Hamilton County Board of County Commissioners, the Hamilton County Justice Center, and the Hamilton County Sheriff are treated as claims against Hamilton County, Ohio itself ("the County"). Upon de novo review of the Complaint together with Plaintiff's objections, the undersigned agrees that Plaintiff has failed to allege plausible claims for liability against either the City or the County.

A municipality or county "cannot be held liable under § 1983 for an injury inflicted solely by its employees or agents." *Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 441 (6th Cir. 2000) (citing *Monell*, 436 U.S. at 694). To state a claim for relief against the City or the County for the alleged injuries, the Complaint must allege facts plausibly showing (1) that Plaintiff's harm was caused by a constitutional violation, and (2) that the misconduct giving rise to Plaintiff's injuries was the result of a policy, statement, regulation, decision or custom promulgated by the City or County. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992); *Bright v. Gallia Cnty., Ohio*, 753 F.3d 639, 660 (6th Cir. 2014), *cert. denied*, 135 S. Ct. 1561 (2015); *Cash v. Hamilton County Dep't of Adult Prob.*, 388 F.3d 539, 542 (6th Cir. 2004). On the second issue, Plaintiff must allege facts plausibly showing that the unconstitutional policy or custom existed, that the policy or customer was connected to the City or County itself, and

[1] The pleaded facts are set forth in the Report and are incorporated here.

that the policy or custom caused his particular injury. *Langston v. Charter Twp. of Redford*, 623 F. App'x 749, 761 (6th Cir. 2015) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993)); *see also Polk County v. Dodson*, 454 U.S. 312 (1981) (municipal policy must be "moving force" behind constitutional deprivation).

Plaintiff appears to object to the Report's recommendation of dismissal in regards to the County on the ground that he attributed the constitutional violations of the Hamilton County Justice Center to its "policy, custom, or practice" of denying access to certain legal materials. Nonetheless, the Court agrees with the Report to the extent it concludes that the allegations fail to identify the policy, connect the policy to the County itself, and show that a particular constitutional injury was incurred because of the execution of that policy. Not only does Plaintiff not connect the alleged policy to any specific constitutional right that he alleges was violated as a result of that policy, but the Complaint itself is devoid of any factual enhancement that would allow the Court to reasonable infer the existence of an alleged policy that caused any particular constitutional violation. Even liberally considering the grievances attached to the objections reflecting requests for and a denial of certain library materials, Plaintiff still has failed to provide any factual support that would plausibly demonstrate that the alleged policy was the moving force behind any particular constitutional violation.

As for the City, Plaintiff objects to the Report's conclusion on the basis that he alleged that "The City of Cincinnati through its customs and policy regarding Cincinnati Police criminal investigations leading to arrest, has caused the deprivation of [his] 4th, 5th, 8th, and 14th Amendment rights to U.S. Constitution (wrongful arrest, wrongful imprisonment, violation of Due Process, cruel and unusual punishment), on several occasions within the past eight years, showing the existence of the offending policy, leading to dismissal of several unlawful arrest,

unlawful imprisonment against the Plaintiff and citizens alike." (Doc. 5, PageId 59-60). Reviewing the objection together with the allegations in the Complaint, the undersigned agrees with the Report that the allegations are insufficient to state a claim for municipal liability against the City. As the Report correctly points out, the "policy, practice, or custom" rests upon conclusory allegations devoid of factual enhancement. Plaintiff's reference to two incidents in which he ultimately was acquitted of the charges against him[2] does not thrust the claim across the line from conceivable to plausible, given the absence of a reasonable inference that the purported "policy, practice, or custom" of arresting without probable cause was the moving force behind the alleged constitutional violations relating to his arrest, detention, and prosecution. Nor do those allegations, or the vague and unsupported allegations as to other "citizens" plausibly connect the purported policy, practice, or custom to the City itself. As stated in the Report, a municipality cannot be held liable under a theory of respondeat superior for injuries inflicted solely by its employees or agents. *Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 441 (6th Cir. 2000) (citing *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)). As such, the undersigned agrees that Plaintiff's allegations as a whole are insufficient to permit the Court to draw the reasonable inference that the City and the County are liable for the specific instances of misconduct alleged.

To the extent Plaintiff's objections address the issue of qualified immunity of a municipality, which was not a ground raised in the Report's recommendation of dismissal, the undersigned need not address that issue.

Finally, Plaintiff indicates a desire to amend his Complaint to sue some defendants in their individual capacities. However, the Sixth Circuit has held: "When a complaint is subjected

[2] The Report (Doc. 4, PageId 50-51) contains a more comprehensive explanation of the incidents to which Plaintiff refers.

to screening, the district courts are not to permit plaintiffs to amend a complaint to avoid dismissal under section 1915(e) and section 1915A." *Parks v. Reans*, 510 F. App'x 414, 415 (6th Cir. 2013) (rejecting plaintiff's argument that the district court erred by dismissing his complaint based on sovereign immunity without affording him an opportunity to amend his complaint to sue the defendants in their individual capacities). Accordingly, the Court need not permit such an amendment here.

## III. CONCLUSION

Consistent with the foregoing, the undersigned **OVERRULES** Plaintiff's Objections (Doc. 5) and **ADOPTS** the Report (Doc. 4). It is therefore ORDERED that:

1. Plaintiff's Complaint naming Defendants in their official capacities only is **DISMISSED.**
2. The Court declines to exercise pendent jurisdiction over Plaintiff's state law claims and therefore **DISMISSES** those state law claims in the Complaint **without prejudice** to refiling in state court.
3. The Court certifies pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of this Order would not be taken good faith and denies Plaintiff leave to appeal this Order *in formal pauperis* Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

**IT IS SO ORDERED.**

JUDGE MICHAEL R. BARRETT
UNITED STATES DISTRICT COURT